IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In re Appeal in: | ) | |
| | ) | U.S. District Court Case No. |
| TONIA LYNN LOWERY, | ) | 1:07-CV-837 |
| | ) | |
| Debtor | ) | Bankruptcy Case No. |
| | ) | 04-83012C-7 |
| | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| In re: | ) | |
| | ) | U.S. District Court Case No. |
| RUTH M. LANGFORD, | ) | 1:07-CV-838 |
| | ) | |
| Debtor | ) | Bankruptcy Case No. |
| | ) | 04-12447C-7 |
| | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This matter is before the Court on Bankruptcy Judge William L. Stocks' Certification of Memorandum Opinion and Order for consideration of sanctions and damages pursuant to 11 U.S.C. § 110(i), which was entered on November 9, 2005. At that time, section 110(i) provided as follows:

> if a bankruptcy petition preparer violates this section or commits any fraudulent, unfair, or deceptive act, *the Bankruptcy Court shall certify that fact to the district court*, and the district court, on motion of the debtor, the trustee, or a creditor and after a hearing, shall order the bankruptcy petition preparer to pay to the debtor [certain fees and costs] . . . .

11 U.S.C. § 110(i)(1) (2005) (emphasis added).

However, since the time the Memorandum Opinion and Order were certified to this Court, section 110(i) has been amended. The current section provides as follows:

> [i]f a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor [certain fees and costs] . . . .

11 U.S.C. § 110(i)(1) (West 2008). Thus, it is no longer necessary for the Bankruptcy Court to certify such facts to the District Court for entry of an order.

None of the parties have moved this Court under the previous version of § 110(i)(1) and applying the new statute to this ongoing case will not prejudice any of the parties. In addition, the Bankruptcy Court is in a better position to decide this matter. Thus, this Court will send the matter back to the Bankruptcy Court for proceedings consistent with the current version of § 110(i)(1).

This the 14th day of January, 2008.

/s/ N. Carlton Tilley, Jr.
United States District Judge